UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,

  -v-                                             No. 23-CR-00609-LTS
                                                    No. 23-CR-00405-LTS-1

DAJHAAN PEREZ,

        Defendant.

-------------------------------------------------------x

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        On April 3, 2025, Mr. Perez was sentenced principally to a term of imprisonment of 96 months as to Count One in the case captioned 23-CR-405 and a term of imprisonment of 14 months as to Specification One in the case captioned 23-CR-609. (See 23-CR-405, docket entry no. 111; 23-CR-609, docket entry no. 5.) The two sentences run consecutively, for a total of 110 months of imprisonment. (See 23-CR-405, docket entry no. 111; 23-CR-609, docket entry no. 5.)

        On July 10, 2025, Mr. Perez filed a "motion to return all property pursuant Rule 41(g)(h)(i) and Rule 2.6 1, 2, and 3, and Rule 27, and for a illegal search seizure a violation of the IV Amendment of the United States Constitution." (23-CR-609, docket entry no. 9.) Mr. Perez's motion is unclear, and he is directed to file a clarification.

First, as to the request to "return all property pursuant Rule 41(g)(h)(i),"[1] Mr. Perez is directed to set out the specific property he seeks returned. The Court reminds him that a Final Order of Forfeiture has already been entered as to cash that was seized in connection with his arrest. (See 23-CR-405, docket entry no. 121 (Final Order of Forfeiture).) Federal Rule of Criminal Procedure 41(g) "provides that an aggrieved person may seek return of property that has been unlawfully seized, and a person whose property has been lawfully seized may seek return of property when aggrieved by the Government's continued possession of it." Ferreira v. United States, 354 F. Supp. 2d 406, 408-409 (S.D.N.Y. 2005) (quoting FED. R. CRIM. P. 41 advisory committee's note (1989)). To prevail on a Rule 41(g) motion, Mr. Perez "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." Id. (quoting United States v. Van Cauwenberghe, 827 F.2d 424, 433 (9th Cir. 1987)).

Second, as to the requests made under "Rule 2.6 1, 2, and 3, and Rule 27," Mr. Perez is directed to clarify what he seeks. Rules 26.1, 26.2, 26.3[2] do not seem to apply to Mr. Perez's case, as those rules apply to a criminal trial, which never occurred here because Mr. Perez pleaded guilty. Mr. Perez' submission does not seem to raise any issues to which Rule 27 (governing proof of an official record in a criminal proceeding), is relevant.

Finally, as to the request "for a illegal search seizure a violation of the IV Amendment of the United States Constitution," Mr. Perez is directed to clarify what he seeks.

---

[1]   The Court interprets Mr. Perez's reference to "Rule 41(g)(h)(i)" to mean Rule 41(g).

[2]   The Court interprets Mr. Perez's reference to "Rule 2.6 1, 2, and 3" to mean Federal Rules of Criminal Procedure 26.1, 26.2, and 26.3.

Mr. Perez is also reminded that, during his change of plea hearing on November 26, 2024, he acknowledged under oath that he understood that he was "giving up any possible claim that [his] constitutional rights may have been violated." (23-CR-405, docket entry no. 54 (hearing transcript) at 10.)

This resolves docket entry no. 9 in the case captioned 23-CR-609.

SO ORDERED.

Dated: New York, New York

July 15, 2025

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

**Copy to be mailed to:**

Dajhaan Perez
Reg. No. 01146-138
FCI Schuylkill
Federal Correctional Institution
P.O. BOX 759
Minersville, PA  17954